THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ERIC GRAU )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>HOME TOWNE STUDIOS BY RED )<br>ROOF GAINESVILLE, GEORGIA )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No.<br><br>  2:21-CV-208-RWS<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Eric Grau ("Plaintiff"), through undersigned counsel, and files this lawsuit against Home Towne Studios by Red Roof Inn, Gainesville, Georgia ("Defendant"), and for his Complaint shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA"). Plaintiff also brings claims pursuant to 26 U.S.C. § 7434.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendants are a Georgia corporation and reside in this district. Defendants do business in and are engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III.     **Parties and Facts**

5.

Defendant is a Corporation that does business, and is engaged in commerce within the State of Georgia

6.

Defendant is now and, at all times relevant hereto has been a domestic corporation engaged in an industry affecting commerce.

7.

Defendants may be served by delivering a copy of the summons and complaint upon its legal counsel at 600 Peachtree Street NE, Suite 4700 Atlanta, GA 30308, or via email at Joelle.Sharman@lewisbrisbois.com.

8.

Plaintiff began working as a Security Officer in or around April 2019.

9.

Plaintiff began working in a full time maintenance position in or around November 2020 through March 2021.

10.

It is Plaintiff's belief that he was not paid the appropriate overtime during this period.

11.

Plaintiff contends that he worked at least fifteen (15) hours of overtime during this period.

12.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

9.

13.

Throughout his employment with Defendant, Plaintiff has been entitled to overtime compensation for all hours worked in excess of 40 hours in a workweek.

14.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Defendant permitted Plaintiff to regularly work in excess of 40 hours in given workweeks without receiving overtime compensation.

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

Throughout Plaintiff's employment, Plaintiff's job duties and the performance thereof, along with her hours worked were controlled by Defendant.

18.

Throughout his employment with Defendant, Plaintiff was economically dependent on Defendant.

19.

Plaintiff has been individually covered under the FLSA by virtue of the nature of the work he performed.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendants have violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay minimum wage and overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

22.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

23.

Defendant knew or had reason to know Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

24.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

25.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant violated the FLSA;

(D)  Grant Plaintiff leave to add additional state law claims if necessary; and;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Dated this 20th day of September, 2021.

Respectfully submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
E-mail: jstephens@forthepeople.com

*Attorney for Plaintiff*